United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 6, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40488
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSICA YVONNE BARRERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 5:03-CR-1907-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jessica Yvonne Barrera pleaded guilty of transporting an un-documented alien by means of a motor vehicle for private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(i). On appeal, this court determined that there was sentencing error under United States v. Booker, 543 U.S. 220 (2005), vacated the sentence, and remanded for resentencing. Barrera appeals the sentence imposed on resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Barrera argues that this court's rulings since <u>Booker</u> have effectively reinstated the mandatory guideline scheme that was stricken in <u>Booker</u>; she recognizes, however, that this argument is contrary to current Fifth Circuit precedent.  She does not challenge the guideline range the district court considered in determining her sentence, but she urges that her sentence, which is at the low end of the guideline range, is unreasonable because the court failed properly to weigh the factors set forth in 18 U.S.C. § 3553(a).

The transcript of the resentencing hearing does not support Barrera's argument.  The district court expressly noted that the sentence is based on all the information that was before the court, and the court considered arguments of counsel, Barrera's statements, and letters that were submitted on her behalf.  At the hearing, counsel argued that Barrera had steady employment, that she had behaved well while on bond, and that she was remorseful, and counsel discussed Barrera's personal circumstances that are set forth in her briefs.

The record thus reflects the district court's consideration of Barrera's history and characteristics, as set forth in § 3553-(a)(1).  The court not only considered the facts of the offense, but looked beyond those facts and expressed concern regarding Barrera's motivation for committing the offense.  The record thus reflects consideration by the district court of the nature and circumstances of the offense and the need for the sentence to promote

respect for the law and to afford adequate deterrence to criminal conduct, as required by § 3553(a)(1), (2)(A), and (B).

The court also considered "the kinds of sentences available" and the range set forth in the guidelines, as required by § 3553-(a)(3) and (4). Finally, the court ordered Barrera to participate in an education program while in prison so she could receive her high school diploma, as set forth in § 3553(a)(2)(D). The record thus reflects adequate consideration of the § 3553(a) factors. See Booker, 543 U.S. at 262-65; United States v. Mares, 402 F.3d 511, 518 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Barrera contends the district court erred by failing to provide explicit analysis of the § 3553(a) factors. In rejecting Barrera's request for a sentence that was outside the guideline range, the court stated, inter alia, that it understood the factors that it had to consider and that it believed that a sentence within the guideline range was appropriate. The court was not required to provide a more explicit statement of its § 3553(a) rationale. See Mares, 402 F.3d at 519.

Barrera's sentence is reasonable, see Booker, 543 U.S. at 262-65; Mares, 402 F.3d at 518-19, and the judgment is AFFIRMED.